**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:19-cv-60205-DIMITROULEAS/Snow

GINA BELLENGER, on behalf of
herself and all others similarly situated,

        Plaintiff,

v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,

        Defendant.
_____/

**DECLARATION IN SUPPORT OF UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND**
**CERTIFICATION OF SETTLEMENT CLASS**

Andrew J. Shamis declares as follows:

1. I am one of the attorneys designated as Class Counsel for Plaintiff under the Settlement Agreement and Release ("Settlement" or "Agreement") entered into with Defendant.[1] I submit this declaration in support of Plaintiff's and Class Counsel's Unopposed Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. The Parties' proposed Settlement is exceedingly fair, and well within the range of preliminary approval for several reasons.

3. The Settlement was not conditioned on any amount of attorneys' fees for Class Counsel or Service Award for Plaintiff, which speaks to the fundamental fairness of the process.

---

[1] All capitalized defined terms used herein have the same meanings ascribed in the Agreement.

1

4. The Claims Process here is straightforward, easy to understand for Settlement Class members, and designed so that they can easily claim to their portion of the Settlement Fund.

5. A preliminary review of the factors related to the fairness, adequacy and reasonableness of the Settlement demonstrates that it fits well within the range of reasonableness, such that Preliminary Approval is appropriate.

6. Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to trial. Defendant argues that Plaintiff's claims are unfounded, denies any liability, and has shown a willingness to litigate vigorously. Given Defendant's limited resources and capability for contributing toward a settlement, which factored into the parties' negotiations, the settlement is in the best interest of the Class Members.

7. The Parties concluded that the benefits of the Settlement outweigh the risks and uncertainties attendant to continued litigation that include, but are not limited to, the risks, time and expenses associated with completing trial and any appellate review.

8. The Settlement here is the result of extensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this Action.

9. Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. *See* attached Firm Resumes.

10. Class Counsel zealously represented their client throughout the litigation, and throughout the discovery process, which included review of numerous pages of documents and electronic data.

11. Class Counsel conducted a thorough analysis of Plaintiff's claims and engaged in extensive formal discovery with Defendant.

12. Class Counsel are confident in the strength of Plaintiff's case, but are also pragmatic in their awareness of the various defenses available to Defendant, and the risks inherent in trial and post-judgment appeal.

13. Class Counsel appropriately determined that the Settlement outweighs the risks of continued litigation.

14. There can be no doubt that this Settlement is a fair and reasonable recovery for the in light of Defendant's defenses, the uncertainty of class certification, and the challenging and unpredictable path of litigation Plaintiff and all Settlement Class members would face absent a settlement.

15. The Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

16. Class Counsel were extremely well-positioned to confidently evaluate the strengths and weaknesses of Plaintiff's claims and prospects for success at trial and on appeal.

\* \* \*

I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Fort Lauderdale, Florida, on September 24, 2019.

*/s/ Andrew J. Shamis*
Andrew J. Shamis